```
            UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF OHIO
                   WESTERN DIVISION


LARRY KAPP,                     :    C-1-05-0548
                                :    CR-1-02-023-1
     Petitioner,                :
                                :    UNITED STATES' RESPONSE TO
                                :    PETITIONER'S MOTION UNDER
           v.                   :    28 U.S.C. § 2255 TO VACATE,
                                :    SET ASIDE OR CORRECT
                                :    SENTENCE
UNITED STATES OF AMERICA,       :
                                :
     Respondent.                :    Chief Judge Beckwith

        - - - - - - - - - - - - - - - - - - - -
```

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on August 19, 2005. This Court has ordered the United States to respond.

### Cause Of Petitioner's Detention

Petitioner entered a plea of guilty on June 20, 2002 to conspiracy to distribute in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. § 846. On October 24, 2002 he was sentenced to 96 months in prison. He filed a direct appeal on the same date arguing that the Court erred by not departing downward further than it did on the government's motion for a reduction of sentence pursuant to § 5K1.1 of the United States Sentencing Guidelines. The Sixth Circuit Court of Appeals found, by order dated September 9, 2004, that it had no jurisdiction to review the sentencing judge's discretionary decision to sentence the petitioner to a term shorter than the mandatory minimum.

**Petitioner's § 2255 Motion**

Petitioner asserts as grounds for relief in this § 2255 motion that he was denied effective assistance of counsel in connection with his sentencing. He claims that his attorney counseled him to provide "dirty" urine tests to Pretrial Services prior to his sentencing in order to ensure that he would qualify for a Bureau of Prisons residential drug treatment program. He claims this advice resulted in a 36 month increase in his sentence.

**Argument**

Before a discussion of the legal standards for effective assistance, a discussion of the factual allegations is helpful. The petitioner's assertions that his attorney told him to violate the conditions of his bond by continuing to use drugs are not credible. Petitioner, at the time of his sentencing, had a long history of illegal drug use. According to the presentence report (paragraphs 82-84), he began using drugs at age 11. He continued to abuse drugs and was in an in-patient program within two years of his sentencing in this case. It would make no sense for his attorney to advise him to violate the terms of his bond. Such a violation would obviously be harmful to his client. Petitioner's bond could have been revoked and the violations could cause the sentencing judge to question his sincerity and acceptance of responsibility. Petitioner, by these allegations, is attempting to shift the responsibilities for his acts to his attorney. In essence, petitioner now seeks to be rewarded for the violations

of his bond that he chose to commit.  The attorney, Bertram Polis, in his affidavit attached hereto, denies petitioner's assertions.

Even if petitioner's allegations were true, he still would not be entitled to relief.  He argues that his counsel's ineffectiveness likely affected the sentence he received and that, in accordance with the standards enunciated in Strickland v. Washington, 466 U.S. 668 (1984), and its progeny, he is entitled to the relief he now seeks.

Claims of ineffective assistance of counsel are reviewed under a two-part test.  See United States v. Davis, 306 F.3d 398, 422 (6th Cir. 2002), cert. denied, 537 U.S. 1208 (2003).  In order to succeed, a defendant must establish (1) that his lawyer's performance was deficient compared to an objective standard of reasonable performance and (2) that there is a reasonable probability that his lawyer's errors prejudiced the outcome of the proceedings against him.  See Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999) (citing Strickland, 466 U.S. at 687-88).  "A reasonable probability is one that is sufficient to undermine confidence in the outcome."  Davis, 306 F.3d at 422 (citing Arredondo, 178 F.3d at 782).

It is apparent from a reading of the sentencing transcript that the result of his sentencing would not have been different even without the dirty urines.  The Court, beginning at page 25 of the sentencing transcript, gives a summary of its reasons for its sentence.  The Court stated:

> I am granting the motion, but not to the extent recommended by the government. I am departing below the 120-month statutory minimum, and so Mr. Kapp is getting two years off of his sentence as a result of his cooperation. But I still have serious concerns about the length of his record, past record, the nature of his past record, his behaviors prior to sentence and subsequent to his plea of guilty. All of this indicates to me that he need a lengthy sentence to drive home the point that he is in a very serious situation here and must turn his life around. I don't think three-and-a-half years actual incarceration is sufficient, considering the magnitude of this marijuana distribution group.

Mr. Polis then continued to attempt to convince the Court that a lesser sentence would be appropriate. The Court then responded:

> I have considered that, Mr. Polis, but I've got a situation here where over a million dollars was confiscated. This is not some small-time, small level of sales. And you've implied to me that your client was not a methamphetamine user prior to his involvement with law enforcement before the sentencing date. He seems to be the kind of person that will take almost anything that's lying around if you just put the gloss on it that's an illegal substance.
>
> He does have a serious problem, and I think he needs to be in a place where he can't get to any illegal drugs and where he can get treatment.
>
> And the interest that isn't represented perhaps in this courtroom is all the people who bought this stuff who are addicted today thanks to Mr. Kapp and his friends who distributed this poison.
>
> I seem to see a lot of people who seem to think this is no big deal. It is a big deal. I look at these people who are awaiting sentence and I hear all this stuff about marijuana isn't really addictive and marijuana's no problem. These people who are awaiting sentence on federal charges can't stay off marijuana for the few months it takes to do the presentence report. That tells me a lot about whether it's addictive, damaging. And it's very easy to say, "Oh, I just made this little mistake." This is no little mistake. And I suspect it's only the tip of the iceberg, but that's another issue.

>    I'm not going to reconsider.  That's the sentence.
>    He's not given me a sufficient reason to deviate.
>
>    So, having said that, I will impose the sentence as I
>    stated it.  And, frankly, your client should be glad
>    he's not getting a stiffer sentence, I think.

Again, even if petitioner's allegations were true, he fails to show that the outcome of this case under all the circumstances would have been different.  Accordingly, he fails the second prong of the <u>Strickland</u> test.  Petitioner's unsubstantiated claims are not credible and are hardly sufficient for him to obtain relief or even a hearing on these allegations.  Where the files and records of the case conclusively show that the moving party is entitled to no relief, no evidentiary hearing is required.  <u>Green v. United States</u>, 65 F.3d 546 (6th Cir. 1995).

## Conclusion

Petitioner has not shown that the results of his case would have been different even if one were to believe that his attorney told him to submit dirty urines to Pretrial Services. His claim lacks credibility, and the sentencing transcript shows that his attorney effectively represented him by convincing the Court not to raise petitioner's criminal history category and by arguing for a lesser sentence.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

s/Robert C. Brichler
ROBERT C. BRICHLER (0017745)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio  45202
(513) 684-3711
Fax:  (513) 684-2047
Robert.Brichler@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served this 12th day of September, 2005, by regular U.S. Mail on Larry Kapp, #035350061, Federal Correctional Institution, 8901 S. Wilmot Road, Tucson, Arizona 85706-9700.

s/Robert C. Brichler
ROBERT C. BRICHLER (0017745)
Assistant United States Attorney
