**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Larry Kapp,                          )
                                     )
                                     )
                Petitioner,          )    Case No. 1:02-CR-23-001
                                     )
        vs.                          )
                                     )
                                     )
United States of America,            )
                                     )
                Respondent.          )

O R D E R

This matter is before the Court on Petitioner Larry
Kapp's motion to vacate, set aside, or correct sentence pursuant
to 28 U.S.C. § 2255 (Doc. No. 108).  For the reasons set forth
below, Petitioner's motion is not well-taken and is **DENIED.**

On October 24, 2002, the Court sentenced Petitioner to
ninety-six months of imprisonment following his plea of guilty to
a charge of conspiracy to distribute in excess of 1,000 kilograms
of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A).
In calculating Petitioner's sentence under the Sentencing
Guidelines, the Court assigned a base offense level of 32
pursuant to U.S.S.G. § 2D1.1(c)(5) because the offense involved
more than 1,000 kilograms but less than 3,000 kilograms of
marijuana.  The Court then reduced the offense level by three
pursuant to U.S.S.G. §§ 3E1.1(a) & (b) because Petitioner
accepted responsibility for his criminal conduct and entered a
timely guilty plea.  Thus, the final offense level was 29.

The presentence investigation report found that Petitioner had three criminal history points for his prior criminal record, which placed him in criminal history category II. Before the sentencing hearing, the Court advised the parties that it was considering upwardly departing from criminal history category II on the grounds that Petitioner's criminal history score understated the seriousness of his criminal past. In short, the presentence investigation report showed that during Petitioner's relatively brief life span, he was the subject of a nearly continuous stream of criminal charges. Defendant was not assessed any criminal history points as a result of these arrests because they did not result in any convictions. The Court concluded, therefore, that there was no reliable evidence that Petitioner's criminal history score was understated. Consequently, the Court did not upwardly depart from criminal history category II.

In addition to his remarkable arrest record, the presentence investigation report disclosed that Petitioner had a lengthy history of substance abuse. Prior to sentencing, the pretrial services officer moved the Court to revoke Petitioner's bond because he had violated the conditions of release by using controlled substances. The Court issued a summons for Petitioner's arrest but vacated the summons after deciding to take up the issue of revocation of bond at the sentencing

hearing.  <u>See</u> Doc. No. 67.

The Sentencing Guidelines established a range of eighty-seven to one hundred and eight months of imprisonment based on a base offense level of 29 and a criminal history category of II.  However, a violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) carries a mandatory minimum sentence of one hundred and twenty months.  Therefore, the Guidelines Sentencing range became one hundred and twenty months.

The government filed a motion to reduce Petitioner's sentence pursuant to U.S.S.G. § 5K1.1 for providing substantial assistance.  In its motion, the government recommended that Petitioner be sentenced at offense level 24, which would have resulted in a sentencing range of fifty-seven to seventy-one months of imprisonment.  The Court granted the government's motion but did not downwardly depart to the extent requested by the government.  Instead of downwardly departing from an offense level of 29, the Court reduced Petitioner's sentence by twenty four months from the statutory minimum sentence of one hundred and twenty months of imprisonment and imposed a sentence of ninety-six months of imprisonment.

The Court declined to grant the full extent of the requested departure for distinct but interrelated reasons. First, the Court stated that the length and nature of Petitioner's criminal record indicated that a longer sentence was

3

required to highlight the need for Petitioner to change his lifestyle. Second, Petitioner's lengthy history of substance abuse indicated that he needed to be removed from any situation where he could obtain illegal drugs so that he could get proper treatment. Third, the Court determined that Petitioner's criminal past and history of substance abuse demonstrated a high risk of recidivism, as exemplified by his continued use of drugs while on pretrial release. The Court also observed that Petitioner's use of drugs while on bond compromised his value as a witness to the government. Finally, the Court determined that the sentence recommended by the government did not reflect the seriousness or magnitude of his offense, which was a multi-million dollar marijuana trafficking conspiracy.

The Sixth Circuit Court of Appeals affirmed Petitioner's sentence on direct appeal. United States v. Kapp, 110 Fed. Appx. 583 (6th Cir. 2004), judgment vacated on other grounds, Schneider v. United States, 125 S. Ct. 1091 (2005). In so doing, the Court of Appeals noted that it was without jurisdiction to review the extent to which this Court downwardly departed pursuant to the government's § 5K1.1 motion.

In the instant petition to vacate, set aside, or correct his sentence, Petitioner asserts a novel claim of ineffective assistance of counsel. Petitioner asserts that his trial counsel advised him that he should submit dirty urine

samples while on pretrial release so as to make it appear as if he had a drug abuse problem.  Having established before the Court that he had a drug abuse problem, Petitioner would then be able to participate in the Bureau of Prisons' intensive drug treatment program, the completion of which would reduce his sentence by up to one year.  This advice backfired, however, according to Petitioner, because the Court upwardly departed from the applicable Guidelines sentence because of his failed drug tests. Moreover, Petitioner contends, this advice was doubly inappropriate because his counsel should have known that he was ineligible to participate in the residential drug treatment program because of a prior conviction for strong-arm robbery. Petitioner's arguments are devoid of merit.

In order to establish a claim of ineffective assistance of counsel, Petitioner must establish two things: 1) that counsel's performance fell below an objective standard of reasonableness according to professional norms; and 2) that he suffered prejudice, meaning that there is a reasonable probability that the outcome would have been different absent the deficient performance.  Strickland v. Washington, 466 U.S. 668, 688 (1984).  The government argues that Petitioner's claim of ineffective assistance of counsel fails because he cannot establish the prejudice prong of the Strickland test.  The Court agrees.  As the record conclusively demonstrates that Petitioner

is not entitled to relief, the Court is not required to hold an evidentiary hearing on his claim.  <u>Green v. United States</u>, 65 F.3d 546, 548 (6th Cir. 1995).

In actuality, Petitioner's claim of ineffective assistance of counsel claim fails on a number of levels.  First, Petitioner's substance abuse problem was so profound that even the world's most incompetent attorney would have realized that it was not necessary to emphasze the point by advising his client to purposefully fail his pre-sentencing drug tests.  Thus, Petitioner's claim is inherently implausible on its face.

Second, Petitioner is an inaccurate historian of the procedural history of his case.  The Court did not upwardly depart from the otherwise applicable Guidelines sentence.  To the contrary, the Court actually downwardly departed from the Guidelines sentence, which was the mandatory minimum sentence of one hundred and twenty months.  The Court's refusal to downwardly depart to the extent requested by the government is not the equivalent of an upward departure in sentence.  Therefore, Petitioner suffered no prejudice because he received a lighter sentence than the Court otherwise was authorized to impose.

Third, no prejudice resulted from counsel's alleged ineffective performance even accepting Petitioner's claim as being true.  As the Court has just indicated, there were a variety of factors it considered in assessing the extent to which

6

to depart from the Guidelines sentence - the nature and extent of Petitioner's criminal background, his substance abuse problem, his likelihood of recidivism, and the magnitude of the marijuana trafficking conspiracy in which he participated. Petitioner's drug use while on bond was a concrete example of his recidivist tendencies, but his propensity to reoffend was well-documented by his track record of arrests. Thus, the record is clear that Petitioner's pre-sentencing drug use was not the determinative factor in crafting his sentence. Consequently, Petitioner has failed to demonstrate any likelihood that he would have received a different sentence but for his counsel's alleged deficient performance.

In summary, Petitioner has not demonstrated any prejudice as a result of his counsel's alleged ineffective assistance. Accordingly, Petitioner's motion to vacate, set aside, or correct sentence is not well-taken and is **DENIED.**

A certificate of appealability will not issue with respect to Petitioner's claim for relief because Petitioner has failed to make a substantial showing of the denial of a federal constitutional right remediable in this habeas corpus proceeding. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this order would not be taken in good faith, and, therefore, denies any application by Petitioner

to proceed in forma pauperis on appeal.  Fed. R. App. P. 24(a);

Kincade v. Sparkman,  117 F.3d 949, 954 (6th Cir. 1997).

Petitioner remains free to apply to the Court of Appeals for

leave to proceed in forma pauperis.

**IT IS SO ORDERED**

Date October 4, 2005                 s/Sandra S. Beckwith
                         Sandra S. Beckwith, Chief Judge
                          United States District Court